UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>           Plaintiff,<br><br>    v.<br><br>ADRIENNE MCCOY,<br><br>           Defendant. | CASE NO. 2:24-cv-780<br><br>ORDER |

The Court must screen civil actions filed in forma pauperis to ensure the complaint states a claim upon which relief may be granted, is not frivolous, and does not seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). "Once a court has sufficient information to make a determination on immunity, [Section 1915] mandates dismissal—even if dismissal comes before the defendants are served." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016), *amended on reh'g* (Apr. 15, 2016) (internal citation omitted). Upon review of Plaintiff Myriam Zayas's complaint, the Court finds that Zayas's claims against King County Superior Court Judge Adrienne McCoy are subject to dismissal sua sponte because Judge McCoy is entitled to judicial immunity.

ORDER - 1

Zayas names Judge McCoy as the sole defendant in her complaint. Dkt. No. 6. She alleges Judge McCoy "is pretending she is capable of deciding whether my child is dependent or not." Dkt. No. 6 at 4.

However, presiding over these shelter care hearings—a type of hearing to determine child placement during dependency proceedings—is an action that falls within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within this scope. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."). Absolute judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

Because Zayas's allegations against Judge McCoy are related to judicial process and come nowhere close to demonstrating that Judge McCoy acted outside the scope of her authority, Zayas's claims are barred by the doctrine of judicial immunity. Thus, Zayas fails to state a claim upon which relief can be granted. And because Judge McCoy's actions prompting this dispute are subject to judicial immunity, granting Zayas leave to amend her complaint would be futile. *Huffman v. Lindgren*, 81 F.4th 1016, 1022 (9th Cir. 2023) (internal citation omitted) ("In view of the immunity of the government defendants, where, as here, 'it is clear that the

complaint could not be saved by amendment,' then 'dismissal without leave to amend is proper.'").

The Court also notes Zayas has filed previous actions against Judge McCoy alleging that she violated Zayas's rights by holding a "termination trial" and "pretending" she was authorized to terminate Zayas's parental rights. These other complaints were dismissed with prejudice because her claims were barred by judicial immunity. *See Zayas v. McCoy*, No. 2:24-CV-694, 2024 WL 2302572, at *1 (W.D. Wash. May 21, 2024); *Zayas v. McCoy et al.*, No. 2:24-CV-00621-LK, 2024 WL 2882568, at *2 (W.D. Wash. June 7, 2024). The present complaint raises nearly identical issues and is therefore barred by res judicata. **The Court cautions Zayas that if she continues to file frivolous complaints, she may be subject to a bar order.**

Accordingly, the Court DISMISSES Zayas's complaint with prejudice and without leave to amend.

Dated this 21st day of June, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3